SHARON L. ANDERSON (SBN 94814)
County Counsel
THOMAS L. GEIGER (SBN 199729)
Supervising Deputy County Counsel
RACHEL H. SOMMOVILLA (SBN 231529)
Deputy County Counsel
STEPHEN M. SIPTROTH (SBN 252792)
Deputy County Counsel
Contra Costa County
651 Pine St., 9th Floor
Martinez, CA 94553
Phone: (925) 335-1800
Facsimile: (925) 646-1078
E-mail: stephen.siptroth@cc.cccounty.us

Attorneys for Plaintiff
CONTRA COSTA COUNTY,
in its capacity as successor agency to
CONTRA COSTA COUNTY
REDEVELOPMENT AGENCY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTRA COSTA COUNTY, in its capacity as successor agency to CONTRA COSTA COUNTY REDEVELOPMENT AGENCY,<br><br>Plaintiff,<br><br>v.<br><br>HOUSING AUTHORITY OF CONTRA COSTA COUNTY, a political subdivision of the State of California; UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; and DOES ONE THROUGH TWENTY, and all other persons unknown claiming an interest in the property,<br><br>Defendants. | Case No. C 11-03605 TEH<br><br>Assigned to: Judge Thelton E. Henderson<br><br>STIPULATION FOR: (1) ORDER SETTING ASIDE DEFAULT OF HOUSING AUTHORITY OF CONTRA COSTA COUNTY AND FOR WITHDRAWAL OF DISCLAIMER OF UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; AND (2) JUDGMENT IN CONDEMNATION AND FINAL ORDER OF CONDEMNATION<br><br>(Fed. R. Civ. Proc., Rules 55 & 71.1.) |

Stipulation for Order Setting Aside Default and for Withdrawal of Disclaimer, and for Judgment
Case No. C 11-03605 TEH

1  IT IS HEREBY STIPULATED by and among Plaintiff CONTRA COSTA COUNTY, in its capacity as successor agency to CONTRA COSTA COUNTY REDEVELOPMENT AGENCY ("Plaintiff"), Defendant HOUSING AUTHORITY OF CONTRA COSTA COUNTY ("HACCC"), and Defendant UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT ("HUD"), as follows:

1. Plaintiff is a political subdivision of the State of California with the power to acquire property in eminent domain in this action.

2. HACCC owns certain real property described as Parcel 1 ("Subject Property") in Exhibit A to the Complaint in Condemnation filed on June 7, 2011, in *Contra Costa County Redevelopment Agency v. Housing Authority of Contra Costa County, et al.,* Contra Costa County Superior Court Case No. C11-01558.  At the time this action was filed, HUD maintained an interest in the Subject Property under the "Declaration in Trust" dated June 29, 1959, and recorded on June 2, 1960, as Instrument No. 34077, Book 3633, Page 365 of Official Records.

3. This action was filed on June 7, 2011 in the Contra Costa County Superior Court. On July 22, 2011, HUD removed this action to the United States District Court for the Northern District of California (N.D.Cal. Case No. 11-3605-TEH). (Doc. No. 1.) The District Court now has jurisdiction of this matter, and of each of the parties named in this action, pursuant to Title 28 of the United States Code, sections 1331, and 1442, subdivision (a)(2).

4. In accordance with Part 1.85 of Division 24 of the California Health and Safety Code, on February 14, 2012, the Court issued an order substituting plaintiff "Contra Costa County, in its capacity as successor agency to the Contra Costa County Redevelopment Agency," for the original plaintiff, Contra Costa County Redevelopment Agency.  (Doc. No. 25.)

5. Default of HACCC was entered by the Clerk of the District Court on February 6, 2012 (see Doc. No. 22), HUD's Partial Release of Declaration of Trust ("Partial Release") was recorded against the Subject Property on April 5, 2012 (Instrument No. 2012-0078607 of

Official Records), and HUD filed its disclaimer of interest in Subject Property on or about April 18, 2012 (see Doc. No. 29). In order to expedite Plaintiff's acquisition of the Subject Property, and payment to HUD of certain amounts owed by HACCC, as more particularly described in the Partial Release, the parties hereby stipulate to the Court's issuance and entry of a judgment in condemnation and final order of condemnation, as described herein.

      6. Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and other applicable law, the Court, for good cause, may order that the Default of HACCC be set aside, and may approve the withdrawal of HUD's Disclaimer. Good cause exists to set aside the Default of HACCC and approve the withdrawal of HUD's Disclaimer in that Plaintiff's acquisition of the Subject Property, and the payment to HUD of the amount owed by HACCC, as more particularly described in the Partial Release, will be expedited. The parties stipulate to set aside the Default of HACCC, and to the withdrawal of HUD's Disclaimer, which shall have no further force or effect. The parties further stipulate and respectfully request that HACCC be deemed to have made a special appearance in this action by entering into this stipulation in order to consent to the resolution of this action, as stated herein.

      7. Pursuant to Rules 54 and 71.1 of the Federal Rules of Civil Procedure, and other applicable law, the Court is authorized to issue a Judgment in Condemnation and Final Order of Condemnation to condemn the Subject Property, including HACCC's and HUD's respective interests therein, to Plaintiff. The parties therefore stipulate and respectfully request that the Court issue the "Judgment in Condemnation and Final Order of Condemnation" that is attached hereto as <u>Exhibit A</u> and incorporated herein by reference. The Judgment in Condemnation and Final Order of Condemnation satisfies each of the conditions of the Partial Release.

      8. It is stipulated that Findings of Fact and Conclusions of Law are hereby waived. It is further stipulated that Defendants HACCC and HUD hereby waive:

        A. Any and all defenses, except those defenses that have necessarily merged into the stipulated judgment;

   B. Any additional compensation except the Fair Market Value (as apportioned between, and to be paid to, HACCC and HUD) set forth in the proposed Judgment in Condemnation and Final Order of Condemnation attached hereto as <u>Exhibit A</u> and incorporated herein by reference;

            Respectfully Submitted,

DATED: June 25, 2012      SHARON L. ANDERSON
               County Counsel

               _____/s/_____
               Stephen M. Siptroth
               Deputy County Counsel
               Attorneys for Plaintiff

DATED: June 25, 2012      HOUSING AUTHORITY OF CONTRA COSTA COUNTY

               _____/s/_____
               Joseph Villarreal
               Executive Director

DATED: June 25, 2012      Approved as to form:
               SHARON L. ANDERSON
               County Counsel

               _____/s/_____
               Keiko Kobayashi
               Deputy County Counsel
               Attorneys for Defendant Housing Authority of Contra Costa County

DATED: June 25, 2012      MELINDA L. HAAG
               United States Attorney

               _____/s/_____
               Charles M. O'Connor
               Assistant United States Attorney
               Attorneys for Defendant U.S. Department Housing and Urban Development

**ATTESTATION**

Pursuant to Section X.B. of General Order No. 45 - Electronic Case Filing, I, Stephen M. Siptroth, attest that concurrence in the filing of this document has been obtained from each of the other signatories listed above. That confirmation will be retained and made available for inspection upon request by a party until one year after final resolution of this action.

                                                            /s/
                                        Stephen M. Siptroth

**ORDER**

IT IS SO ORDERED.

Dated: 06/27/2012             _____
                                          HON. THELTON E. HENDERSON
                                          UNITED STATES DISTRICT JUDGE

SMS/    I:\CONDEMN\Active Condemnation Cases\CC Redev v HA\P052312 (Proposed Stip).wpd